UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR18-131RAJ |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER APPOINTING RUSSELL M. |
| CHARLES ROLAND CHEATHAM, et al., | ) AOKI AS COORDINATING |
| | ) DISCOVERY ATTORNEY |
| Defendants. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) NO. CR18-132RAJ |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| MICHAEL SCOTT MORGAN, JR., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) NO. CR18-144RAJ |
| | ) CR18-145RAJ |
| Plaintiff, | ) CR18-147RAJ |
| v. | ) CR18-161RAJ |
| | ) |
| WESLEY ARMSTRONG, | ) |
| BOBBY BEASLEY, | ) |
| CLEOPHUS SHEPARD, | ) |
| JIHAD ZEIGLER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

It is hereby **ORDERED** that Russell M. Aoki is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all the defendants. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third party information common to all defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information;

Therefore, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney. The Coordinating Discovery Attorney's duties do not include providing additional representation services, and he therefore will not be establishing an attorney-client relationship with any of the defendants.

The Government shall provide discovery to the Coordinating Discovery Attorney unless otherwise agreed. To avoid delay in providing discovery to defense counsel, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, ex parte, for funds for outside services and shall monitor all vendor invoices for these services including confirming the work was as previously agreed. However, his time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly ex parte status reports depicting the status of work and if any third-party services are used, whether those services remain within the budget authorized by the Court.

DATED this __18__ day of July, 2018.

_____
Judge Richard A. Jones
United States District Court Judge