The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CHARLES ROLAND CHEATHAM, et al., Defendants. | NO. CR18-131RAJ STIPULATED PROTECTIVE ORDER |
| UNITED STATES OF AMERICA, Plaintiff, v. MICHAEL SCOTT MORGAN, et al., Defendants. | NO. CR18-132RAJ |

STIPULATED PROTECTIVE ORDER - 1
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Beasley, CR18-144RAJ; U.S. v. Armstrong, CR18-145RAJ;*
*U.S. v. Shepard, CR18-147RAJ; U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOBBY BEASLEY,<br>WESLEY ARMSTRONG,<br>CLEOPHUS SHEPARD,<br>JIHAD ZEIGLER,<br><br>Defendants. | NO. CR18-144RAJ<br>CR18-145RAJ<br>CR18-147RAJ<br>CR18-161RAJ |

This matter, having come to the Court's attention on the parties' joint motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. **Protected Material.** For purposes of this Order, "Protected Materials" shall include (1) Grand Jury testimony; (2) wiretap materials (including wiretap pleadings, already under seal by prior order of the Court); (2) financial information, subscriber information (including phone and utility subscriber information for third parties) and other personal identifying information ("PII")[1] obtained during the investigation, either via Grand Jury subpoena and/or during the execution of search warrants; (3) other personal information about defendants and third parties, including but not limited to photographs (including sexually suggestive photographs of family members, defendants and/or witnesses) and other sensitive information obtained from the search of social media, cellular telephones and other digital devices seized during the

---

[1] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information. The government has endeavored to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to the defense.
STIPULATED PROTECTIVE ORDER - 2
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Beasley, CR18-144RAJ; U.S. v. Armstrong, CR18-145RAJ;*
*U.S. v. Shepard, CR18-147RAJ; U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

investigation (collectively, the "Protected Material").  All Grand Jury transcripts, wiretap materials (including wiretap pleadings, which are already sealed by prior order of the Court), cellular telephone downloads, financial records, and summaries of financial records provided during discovery will be considered Protected Material without further designation by the Government.

2. Other information believed by the Government to be Protected Material will be so designated by the Government.  Said material may include, but is not limited to, criminal history reports for defendants and/or prospective government witnesses and related *Giglio* impeachment materials.

3. **Production of Protected Material to the Defense.**  The United States will make available copies of the Protected Materials, including those filed under seal, to Coordinating Discovery Attorney Russell M. Aoki and/or directly to defense counsel to comply with the government's discovery obligations.  Possession of copies of the Protected Materials is limited to the Coordinating Discovery Attorney and his staff, attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as "members of the defense teams").  Further, the attorneys of record are required, prior to disseminating any copies of the Protected or Sensitive Materials to members of the defense teams, to provide a copy of this Protective Order to members of the defense teams, and obtain written consent by members of the defense teams of their acknowledgment to be bound by the terms and conditions of this Protective Order.  The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

4. **Review of Protected Material by Defendants.**  The attorneys of record and members of each Defendant's defense team may share and review the Protected Material with their respective Defendant.  Defendants who are residing at the Federal Detention Center (FDC) will be permitted to review the Protected Material, consistent with the regulations established by the BOP, with or without their respective counsel in a

STIPULATED PROTECTIVE ORDER - 3
*U.S. v. Cheatham, et al.,* CR18-131RAJ; *U.S. v. Morgan, et al.,* CR18-132RAJ;
*U.S. v. Beasley,* CR18-144RAJ; *U.S. v. Armstrong,* CR18-145RAJ;
*U.S. v. Shepard,* CR18-147RAJ; *U.S. v. Zeigler,* CR18-161RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, or disseminating the discovery. Defendants who are on pretrial release will be permitted to review the Protected Material at the offices of their counsel, but will be prohibited from printing out, copying, or disseminating the discovery.

5. **Limits on Dissemination of Protected Materials.** The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendants and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the Defendants and other persons. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, witnesses and to the Court and defense as necessary to comply with the government's discovery obligations.

6. **Future Production of Additional Protected Materials.** Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement, or (if no agreement can be reached) by further order of the Court.

7. **No Waiver.** Nothing in this order should be construed as imposing any substantive discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

8. **Use of Protected Material in Court.** Any Protected or Sensitive Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

STIPULATED PROTECTIVE ORDER - 4
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Beasley, CR18-144RAJ; U.S. v. Armstrong, CR18-145RAJ;*
*U.S. v. Shepard, CR18-147RAJ; U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, at the close of this case, defense counsel shall return the Protected Material, including all copies of the Protected Material, to the office of the United States Attorney, or otherwise certify that the material has been destroyed.

10. **Violation of Order.** Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

11. **Modification of Order.** Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

12. **No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

13. **No Ruling on Timing of Production.** This Protective Order does not require the Government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

14. **Addition of Defendants after Entry of Order**. This Protective Order will cover additional Defendants in this case so long as they agree to be bound by the terms of

STIPULATED PROTECTIVE ORDER - 5
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Beasley, CR18-144RAJ; U.S. v. Armstrong, CR18-145RAJ;*
*U.S. v. Shepard, CR18-147RAJ; U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 this Protective Order and so indicate that consent by the execution of a supplemental
2 stipulation, which shall be filed as an addendum or supplement to this Protective Order.
3    The Clerk of the Court is directed to provide a filed copy of this Protective Order
4 to the Coordinating Discovery Attorney and all counsel of record.
5    DATED this 10th day of October, 2018.

*signature*

The Honorable Richard A. Jones
United States District Judge

STIPULATED PROTECTIVE ORDER - 6
*U.S. v. Cheatham, et al., CR18-131RAJ; U.S. v. Morgan, et al., CR18-132RAJ;*
*U.S. v. Beasley, CR18-144RAJ; U.S. v. Armstrong, CR18-145RAJ;*
*U.S. v. Shepard, CR18-147RAJ; U.S. v. Zeigler, CR18-161RAJ*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970